IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANNE H. KING, trustee under the irrevocable trust dated December 1, 1981 for the benefit of KEELEY DIANE KING, (n/k/a KEELEY KING GOLDSMITH Plaintiff, | ) ) ) ) ) ) ) | |
| vs | ) ) | Civil Action No. 18-233 |
| KRG KINGS, LLC, Defendant and Third-Party Plaintiff, | ) ) ) ) | |
| vs | ) ) | |
| WEIRTON MEDICAL CENTER, INC. and AL.NEYER.LLC, Third-Party Defendants. | ) ) ) | |

## MEMORANDUM AND ORDER

On January 9, 2019, Defendant and Third-Party Plaintiff, KRG Kings, LLC ("KRG Kings"), filed a Motion for Leave to File an Amended Third Party Complaint (ECF No. 93). In this motion, KRG Kings seeks to add two individuals to its third-party claims against Weirton Medical Center, Inc. (WMC), namely WMC's President and Chief Executive Officer, John C. Frankovitch, and WMC's Chief Operating Officer, David Artman. On February 5, 2019, WMC filed a brief in opposition to the motion (ECF No. 98) and on February 12, 2019, KRG Kings filed a reply brief (ECF No. 99).

On May 10, 2018, KRG filed a Third Party Complaint against WMC and Al.Neyer, LLC (Al.Neyer) (ECF No. 31), asserting claims of trespass, conversion, tortious interference with contractual relations and negligence. The claims arise out of the parties' alleged interference with a lease that KRG Kings entered into on April 3, 2015 with the Plaintiff, Dianne H. King,

Trustee Under the Irrevocable Trust Dated December 1, 1981 for the Benefit of Keeley Diane King (n/k/a Keeley King Goldsmith) ("the King Trust"), and also out of the fact that KRG Kings discovered on April 19, 2018 that the interior of the building that is the subject of this case had been demolished without permission.

On September 17, 2018, the Court entered an order extending the discovery deadline to December 14, 2018, with a notation that this would be the "final extension" (ECF No. 74). WMC argues that KRG Kings engaged in undue delay in moving to add these two individuals to the case and that doing so now will cause prejudice because they did not have an opportunity to participate in discovery and discovery would have to be reopened. It notes that KRG Kings was in possession of both the Letter of Intent, which was signed by Frankovitch on January 23, 2018, and the Contingent Lease, which was signed by Artman on April 4, 2018. In fact, KRG Kings attached both documents to the Third Party Complaint (ECF No. 31 Exs. 2, 3).[1]

KRG Kings contends that fact discovery is ongoing, citing the fact that the parties have agreed to continue a Rule 30(b)(6) deposition on March 1, 2019. However, this Court ordered all fact discovery to be completed by December 14, 2018. KRG Kings argues that Frankovitch and Artman were personally involved in the lease negotiations with the King Trust which underlie its tortious interference with contractual relations claim. (ECF No. 99 at 8, citing Artman Dep. 56-61, 99-100.) However, it has not responded to WMC's argument – which is supported by the record – that it was aware of this fact when it filed the Third Party Complaint on May 10, 2018,

---

[1] The documents are filed under seal. WMC also argues that KRG Kings has failed to plead the elements of the tort, namely purposeful action intended to harm an existing relationship, actionable conduct independent of the interference, the absence of privilege and actual legal damage. The Court need not address this alternative argument.

attaching the documents that were signed by these individuals. Nor does it allege that these individuals were involved in lease negotiations other than in their capacity as officers of WMC; in fact, the motion states that Frankovitch and Artman's "actions with regard to all matters underling this litigation were taken on behalf of and for the benefit of WMC." (ECF No. 93 ¶ 11.) Moreover, the only act alleged against Frankovitch and Artman in the proposed Amended Third Party Complaint as support for the alleged tort of tortious interference with contractual relations is that they signed the Letter of Intent and the Contingent Lease (ECF No. 93 Ex. A ¶¶ 155, 170).

KRG Kings further argues that Artman testified that he and others were on the property with his knowledge and approval (ECF No. 99 at 8, citing Artman Dep. 67-71), which KRG Kings asserts constituted trespass. However, this argument is misleading: Count I of the proposed Amended Third Party Complaint alleges that "WMC, Frankovitch, Artman and Al.Neyer have interfered with KRG Kings' right to possess and enjoy the Leased Property by entering on to the Leased Property without permission or justification and destroying it." (ECF No. 93 Ex. A ¶ 184.) KRG Kings' claim is based on the "trespass" that occurred on the date the interior of the building was demolished, not on some prior occasion (which is not mentioned in the proposed Third Party Complaint) on which Artman and others came onto the property to look at the site, which is what Artman was describing in this excerpt from his deposition. KRG Kings does not provide any basis for its allegations that Frankovitch and Artman should be held liable for the torts of negligence or conversion.

WMC argues that everyone involved in this case now knows that Al.Neyer has admitted that it demolished the interior of the building, that it did so without permission from WMC, KRG

Kings or the King Trust and that WMC was unaware of the demolition until after it occurred. (Goldstrom Dep. 165; McCall Dep. 26, 37.) Thus, WMC argues that, for KRG Kings to continue to allege that WMC bears any liability for the demolition – whether under a theory of trespass, conversion or negligence – is demonstrably contradicted by the facts of record. Therefore, it argues that it would be futile to allow KRG Kings to add Frankovitch and Artman as parties liable for these torts.

When presented with a motion to amend a complaint, a district court "should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). But the court "may deny leave on a finding of undue delay, bad faith, prejudice to the opposing party, or futility." Jang v. Boston Scientific Scimed, Inc., 729 F.3d 357, 367 (3d Cir. 2013). Delay may become undue when "allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." Id. at 368 (citation omitted). A proposed amendment is futile if it lacks "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

The Court concludes that KRG Kings has engaged in undue delay in attempting to add Frankovitch and Artman to its claim for tortious interference with contractual relations because it knew or should have known of the involvement of these individuals when it filed the Third Party Complaint on May 10, 2018. Moreover, allowing amendment now would cause prejudice when discovery in this case has been closed since December 14, 2018 and would have to be reopened. With respect to the claims of trespass, conversion and negligence, it would be futile to allow KRG Kings to amend its Third Party Complaint to add Frankovitch and Artman when the record

unequivocally demonstrates that Al.Neyer (and not WMC or any of its officers) committed the acts that underlie these tort claims.

AND NOW, this 14th day of February, 2019,

IT IS ORDERED that the Motion for Leave to File an Amended Third Party Complaint (ECF No. 93) filed by Defendant and Third-Party Plaintiff, KRG Kings, LLC, is denied.

    s/Robert C. Mitchell
    ROBERT C. MITCHELL
    United States Magistrate Judge